IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| CHAN WILLIAMS,<br><br>    Plaintiff,<br><br>v.<br><br>RELIANCE STANDARD LIFE INSURANCE COMPANY,<br><br>    Defendant. | Civil Action No. 3:20-cv-426 |

**COMPLAINT FOR RECOVERY OF PLAN BENEFITS AND FOR THE ENFORCEMENT OF RIGHTS UNDER ERISA**

Plaintiff, Chan Williams, makes the following representations to the Court for the purpose of obtaining relief from Defendant's refusal to pay long term disability (LTD) benefits due under an ERISA employee benefit plans, and for Defendant's other violations of the Employee Retirement Security Act of 1974 ("ERISA"):

**JURISDICTION AND VENUE**

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1337 and 29 U.S.C. § 1132(e) (ERISA § 502(e)). Plaintiff's claims "relate to" "employee welfare benefits plan[s]" as defined by ERISA, 29 U.S.C. § 1001 *et seq*. and the subject Benefit Plan constitutes "plan[s] under ERISA."

2. The ERISA statute, at 29 U.S.C. § 1133, as well as Department of Labor regulations, at 29 C.F.R. § 2560.503-1 provide a mechanism for administrative or internal appeal of benefits denials. In this case, those avenues of appeal have been exhausted and this matter is now properly before this court for judicial review.

3. Venue is proper within the Eastern District of Tennessee Knoxville Division pursuant to 29 U.S.C. § 1132(e)(2) as the Plan was administered in Jefferson County, Tennessee by Plaintiff's employer.

## PARTIES

4. Plaintiff, Chan Williams, (hereinafter "Plaintiff"), is currently and was at all relevant times, a resident of Cocke County, Tennessee.

5. Defendant Reliance Standard Life Insurance Company (hereinafter "Reliance Standard"), is an insurance company authorized to transact the business of insurance in this state, and may be served with process through the Commissioner of the Tennessee Department of Commerce and Insurance, 500 James Robertson Parkway, Suite 660, Nashville, Tennessee 37243-1131.

6. Defendant Reliance Standard is the party obligated to pay benefits and to determine eligibility for benefits under Group Long Term Disability Policy No. VPL 300610, issued by Reliance Standard to Old Dominion Freight Line, Inc.

## FACTS

7. Plaintiff was employed by Old Dominion Freight Line, Inc., in its Jefferson City, Tennessee location.

8. By virtue of his employment, Plaintiff was enrolled in the Plan, which is an ERISA employee welfare benefit plan (the "Plan").

9. Benefits under the Plan are insured by Reliance Standard under Group Long Term Disability Policy No. VPL 300610, issued by Reliance Standard to Old Dominion Freight Line, Inc.

10. Plaintiff is a participant or beneficiary of the Plan.

11. Plaintiff ceased work due to a disability related to his medical conditions, including Cervical and lumbar degenerative disc disease, cervicalgia, lumbago, lumbar laminectomy, and many other conditions and symptoms, on approximately April 9, 2016, while covered under the Plan.

12. Plaintiff has been and continues to be disabled as defined by the provisions of the Plan and relevant policies.

13. Plaintiff filed an application for LTD benefits under the Plan and Reliance Standard acknowledged its receipt of the application by letter dated June 14, 2016.

14. Reliance Standard approved Plaintiff's application and paid benefits until August 25, 2020, based on Reliance Standard's assertion that Plaintiff should be fully recovered from his surgery by that time.

15. By letter dated November 7, 2016, Reliance Standard stated that based upon new information they extended benefits through January 31, 2017.

16. By letter dated December 11, 2017, Reliance Standard approved benefits through July 8, 2019.

17. Social Security approved Plaintiff's claim for disability benefits in January 2, 2019, determining that Plaintiff has been disabled since April 11, 2016.

18. By letter dated April 22, 2019, Reliance Standard terminated Plaintiff's claim due to its assertion that Plaintiff is no longer disabled based on the any occupation definition in the policy and paid Plaintiff benefits until July 9, 2019.

19. Reliance Standard's April 22, 2019, letter stated that Plaintiff no longer met the definition of disability because he could perform the following sedentary occupations:

Dispatcher, Motor Vehicle; Personnel Scheduler; Traffic Clerk; Dispatcher, Maintenance; Dispatcher, Street Department.

20. Plaintiff appealed the termination of his benefits by letter dated December 23, 2019, supporting the appeal by providing an independent medical examination by Dr. Kennedy who found that Plaintiff is only able to sit for up to 15 minutes at a time and walk up to 20 to 30 minutes at a time due to the increase in pain this would cause him; Dr. Kennedy also found that Plaintiff's limitations would worsen over an 8 hour workday, therefore, he found that Plaintiff is unable to perform full time sedentary work.

21. By letter dated April 3, 2020, Reliance Standard denied that appeal and stated that Plaintiff could perform the same occupations listed in its prior denial as well as the sedentary occupation Routing Clerk.

22. In its April 3, 2020 letter, Reliance Standard stated that its decision was final.

23. Plaintiff has exhausted his administrative remedies under the Plan.

24. The Plan does not contain an appropriate grant of discretion to Reliance Standard, therefore the Court should review Reliance Standard's decision under the de novo standard of review.

25. Reliance Standard would pay any benefits due out of its own funds.

26. Reliance Standard owed Plaintiff duties as a fiduciary of the ERISA Plan, including the duty of loyalty.

27. Reliance Standard was under a perpetual conflict of interest because the benefits would have been paid out of its own funds.

28. Reliance Standard allowed its concern over its own funds to influence its decision-making.

29. Reliance Standard breached its fiduciary duties to Plaintiff, including the duty of loyalty.

**FIRST CAUSE OF ACTION
FOR PLAN BENEFITS PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)**

PLAINTIFF incorporates the allegations contained in the above paragraphs as if fully stated herein and says further that:

30. Under the terms of the Plan and policy, Defendant agreed to provide Plaintiff with LTD benefits in the event that Plaintiff became disabled as defined by the Plan.

31. Plaintiff is disabled and entitled to benefits under the terms of the Plan.

32. Defendant failed to provide benefits due under the terms of the Plan, and these denials of benefits to Plaintiff constitute breaches of the Plan.

33. The decisions to deny benefits were wrong under the terms of the Plan.

34. The decisions to deny benefits and decision-making processes were arbitrary and capricious.

35. The decisions to deny benefits were influenced by the Defendant's financial conflict of interest.

36. The decisions to deny benefits were not supported by substantial evidence in the record.

37. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has been damaged in the amount equal to the amount of benefits to which he would have been entitled to under the Plan.

38. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has suffered, and will continue to

suffer in the future, damages under the Plan, plus interest and other damages, for a total amount to be determined.

## PRAYER FOR RELIEF

WHEREFORE. Plaintiff requests that this Court grant him the following relief in this case:

**On Plaintiff's First Cause of Action:**

1. A finding in favor of Plaintiff against the Defendant;

2. Damages in the amount equal to the disability income benefits to which he was entitled through the date of judgment, for unpaid benefits pursuant to 29 U.S.C. § 1132(a)(1)(B);

3. Prejudgment and postjudgment interest;

4. An Order requiring the Plan or appropriate Plan fiduciaries to pay continuing benefits in the future so long as Plaintiff remains disabled under the terms of the Plan, as well as any other collateral benefits to which he might be entitled on the basis of being disabled under the LTD plan.

5. Plaintiff's reasonable attorney fees and costs; and

6. Such other relief as this court deems just and proper.

Dated this 1st day of October, 2020.


Respectfully submitted,

ERIC BUCHANAN & ASSOCIATES, PLLC
ATTORNEYS FOR PLAINTIFF


BY: */s/ Hudson T. Ellis*
Hudson T. Ellis (Tenn. Bar #28330)
Audrey C. Dolmovich (Tenn. Bar #035972)
414 McCallie Avenue
Chattanooga, TN 37402
(423) 634-2506

FAX: (423) 634-2505
ellish@buchanandisability.com
adolmovich@buchanandisability.com